```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
```

```
ANDREW W. COOK
                                      PRISONER CASE NO.
     v.                               3:12-cv-128 (AVC)

LEO C. ARNONE, ET AL.
```

### ORDER

The plaintiff, Andrew W. Cook, was incarcerated at Corrigan Correctional Institution when he filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983.  He sues Commissioner of Correction Arnone, Warden Erfe, Deputy Warden Santiago, Director of Offender Classification Milling, Health Services Administrator Marto and District Administrator Lajoie.

Under 28 U.S.C. § 1915, the court may dismiss any portion of the complaint that either "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id*.  Prisoners are required to exhaust their administrative remedies before commencing an action in federal court and must comply with all procedural rules regarding the grievance process. *See Woodford v. Ngo*, 548 U.S. 81, 83-85 (2006).  **Completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement**.  *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001).

Failure to exhaust administrative remedies is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). A court may, however, dismiss a complaint for failure to state a claim where the allegations on the face of the complaint establish that it is subject to dismissal, even on the basis of an affirmative defense. *See id.* at 213-16 (acknowledging that court may dismiss a complaint sua sponte where an affirmative defense is apparent on the face of the complaint).

The timing of the events set forth in the complaint suggest that plaintiff could not have fully exhausted his administrative remedies prior to filing this lawsuit. If that is true, the complaint must be dismissed.

The plaintiff asserts that he was incarcerated as of October 20, 2011. At that time, he was withdrawing from a medication. He claims defendant Marto denied him anxiety and pain medication for various medical conditions.

A judge sentenced him to a term of incarceration on November 8, 2011. Defendants Erfe and Santiago denied his requests for early release and defendant Lajoie upheld the decision. He filed a grievance regarding this decision, but it was denied at some point after December 22, 2011.

Defendant Milling rated his classification levels erroneously on November 9, 2011 and December 14, 2011. In December 2011, the plaintiff began to receive smaller portions of

2

food.

On multiple days beginning on January 9, 2012, the plaintiff was housed in the Admitting and Processing room for many hours. He has not received adequate mental health or medical treatment and has suffered back pain from sleeping on a mattress on the floor of his cell. The plaintiff seeks monetary damages and injunctive relief.

The administrative remedies for the State of Connecticut Department of Correction are set forth in Administrative Directive 9.6, entitled Inmate Administrative Remedies. The Inmate Grievance Procedure provides an administrative remedy for all matters subject to the Commissioner's authority that are not specifically identified in Sections 4(B) through 4(I) of the directive. The plaintiff's claims regarding conditions of confinement at Corrigan are grievable pursuant to Administrative Directive 9.6, Sections 4 and 6. *See* Administrative Directive 9.6, Sections 4(A) and 6(B), http://www.ct.gov/doc/LIB/doc/PDF/AD/ad0906.pdf.

Pursuant to Administrative Directive 9.6, an inmate must first seek informal resolution of the issue. If informal resolution is unsuccessful, the inmate must file a Level 1 grievance. The Unit Administrator has thirty business days from receipt of the grievance to respond to it. If the Level 1 grievance is denied or if the Unit Administrator fails to timely

respond to the grievance, the inmate must appeal the denial or failure to respond to Level 2.  A District Administrator must respond to the Level 2 appeal within thirty business days of receipt of the appeal.  Level 3 appeals are limited to certain types of grievances relating to department level policy, the integrity of the grievance procedure and untimely responses to Level 2 grievances.  The Commissioner or his or her designee must respond to a Level 3 grievance appeal within thirty business days of receipt of the appeal.  *See id.* at Section 6(A)-(L).

The plaintiff does not indicate that he engaged in informal resolution or formal resolution of any of his claims, except his claim for early release.  He says that he filed a grievance which was denied, but does not indicate whether he appealed the denial of the grievance.

Matters relating to the provision of health services to inmates are grievable and are addressed in Administrative Directive 8.9, entitled Health Services Review.  *See id.* at Section 4(K).  Pursuant to Administrative Directive 8.9, an inmate seeking review of a medical decision regarding the diagnosis or treatment or lack of a diagnosis or treatment of a medical condition, must apply for a Health Services Review by filling out an Inmate Administrative Remedy Form, CN 9602.  *See* Administrative Directive 8.9, Sections 10, http://www.ct.gov/doc/LIB/doc/PDF/AD/ad0809.pdf.

4

The plaintiff's complaint is dated January 26, 2012, and was received by the court on January 27, 2012. Based on the time periods set forth in the Administrative Directives described above, it is apparent that there was insufficient time for plaintiff to have fully exhausted his claims prior to filing this lawsuit.

The Second Circuit has cautioned the district courts not to dismiss a case *sua sponte* without first ensuring that plaintiff has notice and an opportunity to be heard. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (requiring district court to afford prisoner notice and opportunity to demonstrate that he has exhausted his available remedies). Accordingly, the Court directs the plaintiff to explain to the Court why this case should not be dismissed for failure to fully exhaust his administrative remedies **before** filing this action. Any such dismissal would be without prejudice to plaintiff re-filing this action after fully exhausting his administrative remedies.

The plaintiff shall submit his response within **thirty (30)** days from the date of this order. The plaintiff shall attach to his response copies of the documents showing exhaustion of his claims. Failure to provide evidence of exhaustion, or evidence of why plaintiff was not required to exhaust his administrative remedies, within the time provided may result in the dismissal of

this action without any further notice.

**SO ORDERED** this 16th day of August 2012, at Bridgeport, Connecticut.

/s/ Holly B. Fitzsimmons
_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE